IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

JUN 29 2022

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| DARRIN HANNIBAL and LASHERRA TYNER a/n/f C.H., a MINOR § § § | |
| Plaintiffs § § | |
| vs. § § | Civil Action No. 4:22-cv-01330 ("JURY REQUESTED") |
| SHARMAYNE IVORY and HARRIS COUNTY, TEXAS § § § § | |
| Defendants. § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

NOW COMES, Darrin Hannibal and LaSherra Tyner as the biological parents and on behalf their minor daughter, C. H. complaining of Defendants, Harris County, Texas more particularly Harris County Constable Precinct One and Sharmayne Ivory, Individually and in her official capacity as Constable with Harris County Constable, Precinct One and for cause would show this Honorable Court as follows:

### I.
### NATURE OF THE ACTION

1. This is an action brought by the Plaintiffs against Defendants, Harris County, Texas, more particularly the Harris County Constable, Precinct One and Sharmayne Ivory for her use of excessive force in the unlawful shooting of C. H., a Minor under the color of law in violation of her individual rights under the Fourth Amendment of the United States Constitution and in violation of her civil rights pursuant to 42 U.S.C § 1983.

2. Plaintiffs allege that Harris County, Texas and its policy makers, specifically the Harris County Commissioners Court, County Judge Lina Hidalgo and Constable Alan Rosen,

1

(collectively referred to herein as "Policymakers") failed to properly supervise, train and/or screen or otherwise control officers with the Constables' office who are known or should have been known to engage in the use of excessive force including those officers repeatedly accused of such acts. The "Policymakers", specifically the Harris County Commissioners Court, County Judge Lina Hidalgo and Precinct One Constable Alan Rosen had a duty, but failed to implement and/or enforce policies, practices, and procedures for the members of the Harris County Constable Precinct One' office that respected C. H., a Minor's constitutional rights to assistance and protection. Defendants Harris County, Texas, County Judge Lina Hidalgo and Precinct One Constable Alan Rosen' failure to adequately supervise and screen Defendant Sharmayne Ivory and implement necessary policies but the implementation of unconstitutional policies caused C. M., a Minor' unwarranted and excruciating physical and mental anguish and disfigurement. Defendant Ivory consciously disregarded the rights of Plaintiffs, knowing that the Policymakers would approve and/or ratify her actions. Initially, bogus criminal charges were filed against C. H., a Minor and were later dismissed with the threat of refiling such charges again if Plaintiffs initiated a civil charge for the unconstitutional conduct of Defendant Ivory. For these civil rights violations and other causes of action discussed herein, Plaintiffs seek answers and compensation for damages and the shooting of C. H., a Minor.

## II.
## PARTIES

3. Plaintiffs, Darrin Hannibal and LaSherra Tyner are the biological parents and bring this action on behalf of C. H., a Minor. All are citizens of the United States, residents of the State of Texas and Harris County, Texas residing in Harris County, Texas.

4. Defendant Harris County, Texas is an agent of the State of Texas whose

responsibilities are defined in the Texas Constitution. Harris County, Texas funds and operates the Precinct One Constables Office and is responsible for the implementation of the Constable's budget, policies, procedures, practices and customs, as well as the acts and omissions challenged in this suit. No service by citation is necessary because the Attorney of Record currently in this matter has agreed to accept service by mail for Harris County, Texas As such, service on Defendant Harris County, Texas may be perfected by forwarding a copy of this Amended Complaint to the Attorney of Record in this matter as follows: Jennifer F. Callan at 1019 Congress, 15th Floor; Houston, Texas 77002.

5. Defendant Sharmayne Ivory may be served by forwarding a copy of this Amended Complaint to her last known address at:5015 Louetta Road, Apt. #724, Spring, TX 77379.

## III.
## JURISDICTION AND VENUE

6. Jurisdiction exists in this Court pursuant to 28 U.S.C. § 1331 as this action is brought under , inter alia, the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983 to redress the de[privation of rights, privileges and immunities guaranteed to C.H., a Minor, by constitutional and statutory provisions. Plaintiffs further invoke the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent claims arising under State of Texas laws.

7. Venue is proper in this Court because the causes of action occurred in the Southern District of Texas, Houston Division

## .IV.
## FACTS

8. On or about December 26, 2021, C.H., a Minor was traveling east on Highway 290 in Houston. On the day after Christmas, C.H. borrowed a friend's vehicle to attempt to visit

a relative who resided in east Houston in the Homestead Road area. As C. M. approached Interstate 610 interchange, C.H. became extremely confused and rather than entering Interstate 610 North from Highway 290, C.H. erroneously entered Interstate 610 South. While attempting to get back to Interstate 610 North from Interstate 610 South, C.H. was forced into a traffic lane and to enter the parking lot of NRG.

9. While driving in the NRG parking lot, C.H. attempted to exit from the same direction which she had just come through, C.H. encountered Defendant Sharmayne Ivory, in uniform and driving a patrol car. The patrol car, pointed in the opposite direction of C.H.' vehicle, was parked, slightly toward the rear but somewhat parallel to the vehicle driven by C.H. C.H. did not realize that Defendant Ivory was attempting to stop C.H. but C.H decided to stop, exit her vehicle and ask Defendant Ivory for directions on how to get back to C.H.' desired route.

10. However, as C.H. exited her vehicle, C.H. heard inaudible loud shouting by Defendant Ivory but C.H. also noticed that Deputy Ivory was pointing a firearm at C.H. Since C.H. had presented no threat of any kind to Defendant Ivory, C.H. became frightened and made the decision to reenter C.H' vehicle.

11. As C.H. opened the door to her vehicle, Defendant Ivory began to fire her weapon at C.H., striking her five (5) times about her body. Fortunately, C.H. survived this unwarranted assault by Defendant Ivory but remains traumatized, physically and mentally affected.

12. According to news reports, Defendant Sharmayne Ivory has been terminated from as a Deputy with Harris County Constable-Precinct One. These news reports also contend that C.H.

was driving in an unsafe manner through the NRG parking lot and Defendant Ivory was attempting to arrest C.H

13. As a result of Defendant Ivory' deadly and unlawful attack, C.H. sustained multiple injuries.

14. Harris County, Texas, and the Policymakers knew of defendant Ivory's erratic behavior and lack of training but did nothing to protect C.H. and others from harm.

15. Defendant, Harris County, Texas, specifically Harris County Constable Precinct One has a longstanding record of not providing their officers with adequate training and not preventing excessive force by its officers. Defendant, Harris County, Texas and the County Judge Lina Hidalgo had in fact delegated policy-making authority to Harris County Constable Precinct One, giving him the responsibility fo setting training policies and knew that there were training issues which resulted in the illegal shooting of C. H., a Minor. As a result of the lack of training and the official custom or policies of the Harris County Constable Precinct One, Defendant Ivory's inadequate training resulted in the significant injuries to C.H., a Minor. Initially, the Harris County Constable Precinct One charged C.H., a Minor with the felony of assaulting a law enforcement officer.

16. Harris County and the Harris County Constable Precinct One failed to provide adequate training to its deputies, including Defendant Ivory, and sanctioned excessive force in affecting an arrest which amounts to deliberate indifference to the rights of persons, like C.M., with whom Defendant Sharmayne Ivory and other Constables come into contact.

17. Harris County Constable Precinct One failed to provide adequate training to Defendant Ivory on appropriate methods and techniques to control situations similar to the one created by C.H., a Minor on December 26, 2021.

18. The Defendants knew or should have known that the training provided to Defendant Ivory was inadequate or nonexistent.

19. Moreover, Defendant Harris County knew or should know of the need for adequate training because of the number of complaints filed alleging excessive force and inadequate training against deputies for the Harris County Constable's Office. For example, excessive force and inadequate training complaints against Harris County are litigated in the U.S. District Courts of the Southern District, Houston Division as follows: *Gipson v. Harris County;* 4:19-cv-2591; *Pickens v. Harris County;* H-05-2978; *Spiller v. Harris County* H-20-3878. *Linbrugger v. Harris County,* No.02-21300. Additionally, public records indicate complaints of inadequate training and/or excessive force were filed in 2016 against Harris County Deputy Constables including Michelle Miller, Terry Foster, and Baltazar Silva Ramos; in 2014, Joel Garcia, Secar Rangel and in 2012, Johnny Stein and Mark Robinson.

20. C.H., a Minor posed no threat of imminent death or great bodily harm to Defendant Ivory or any other individual in the immediate area. There is no evidence that Defendant Ivory or others reasonably feared for their lives. Further, with the on-the-job problems of Deputy Sharmayne Ivory prior to the incident made the basis of this lawsuit, Defendants knew or should have known that Sharmayne Ivory required greater supervision.

21. At the time Defendant Ivory used her weapon against C.M., there had been little interaction between C.M. and Defendant Ivory and at no time was there reason that would justify Defendant Ivory' use of deadly force which should be applied under very narrowly defined circumstances.

22. Defendant Ivory' unlawful and unwarranted acts, lack of training, lack of supervision and the official customs or policies of Harris County Constable Precinct One caused the injuries sustained by C.H., a Minor.

23. At all times material herein, Plaintiffs would show that defendant Ivory was acting under color of law when she sot and injured C.H.

24. Plaintiffs would show that no reasonably competent peace officer would have concluded that the actions of Defendant Ivory described herein would not violate C.H.' constitutional rights. Ostensibly, no reasonably prudent peace officer under similar circumstances could have believed that Defendant Ivory' conduct was justified nor the actions toward C.H. reasonable.

25. Harris County Precinct One Constable Alan Rosen publicly stated that Defendant Sharmayne Ivory used excessive force against C.H., a Minor which was unjustified. ..

26. C.H., a Minor, at all times material herein, was a seventeen year old high school senior.

**EXCESSIVE FORCE BY DEFENDANTS (Individually and in her official capacity)**

COUNT 1—42 U.S.C. § 1983.

27. Plaintiffs incorporate by reference paragraphs 1 through 24 as if fully set forth herein. Plaintiffs would show that Defendant Sharmayne Ivory' actions on the occasion in question were wrongful, malicious and reckless in depriving C.H. of her constitutional rights as alleged more fully below.

28. Plaintiffs would show that all times material herein, Defendant Sharmayne Ivory had a duty to avoid infliction of unjustified bodily injury to C. H. and to not trample C,H.' constitutional rights.

29. Further, Plaintiffs would show that Defendant Sharmayne Ivory failed to act as a reasonably prudent officer would have acted in the same or similar circumstances. That is, Defendant Ivory, without justification or the need to do so, used excessive and deadly force as described herein, injuring C.H. without justification. C.H never made any threatening gestures toward Defendant Ivory and did not pose an immediate threat to the safety of defendant Ivory or others.

30. Defendant Ivory was not provoked when she fired her weapon at C.H and such use of excessive and deadly force was not reasonable, justified or necessary under the circumstances.

31. Defendant Ivory' actions were not objectively reasonable because she followed a procedure designed to inflict excessive and deadly force in attempting to restrain C.H. in simply a non-life threatening situation.

32. Plaintiffs would show that Defendant Ivory denied C.H.' her right to be free from the use of excessive force in violation of the Fourth Amendment to the United states Constitution.

33. Defendant Ivory caused Plaintiffs to suffer extreme emotional distress, agony and anxiety.

34. As a result of these Constitutional violations, C.H., as set forth more specifically in

the "Damages" section of this Complaint, has suffered injury and damage.

## FAILURE TO TRAIN BY HARRIS COUNTY COMMISSIONER'S COURT

Count II – 42 U.S.C. § 1983

35. Plaintiffs incorporate paragraphs 1- 32 as if fully set forth herein. Prior to December 26, 2021, Harris County knew or should have known that Defendant Sharmayne Ivory exhibited a pattern of escalating encounters with the public.

36. Defendant Sharmayne Ivory was acting under color of law and acting pursuant to customs, practices and policies of Harris County and Harris County Constable Precinct One in regards to the use of deadly force as authorized and/or ratified by the Policymakers, specifically the Commissioners Court of Harris County, County Judge Constable Alan Rosen which deprived C.H. of rights and privileges secured to her by the United States Constitution and other laws of the United States, by Harris County' failure to provide proper training, adequate supervision in dealing with individuals such as C.H., a Minor in violation of 42 U.S.C. §1983 and related provisions of federal law and in violation of the aforementioned constitutional provisions.

37. With respect to the claims made the basis of this lawsuit, Harris County and the Harris County Constable Precinct One failed to adequately train its officers how deal with individuals while effecting an arrest and the subsequent use of deadly force. The failure to train its officers in a relevant respect reflects a deliberate indifference of Harris County, Harris County Constable Precinct One, County Judge Lina Hidalgo to rights of the County's inhabitants and is actionable pursuant to 42 U.S.C. § 1983.

38. Defendant Harris County, County Judge Lina Hidalgo and Constable Alan Rosen' failure to provide adequate training to its officers on how to deal with individuals when effecting

9

an arrest and the subsequent use of deadly force reflect deliberate indifference by the Policymakers and reckless and conscious disregard for the obvious risk that officers would excessive or deadly force on citizens which made the violations of C.H.' constitutional rights a reasonable probability.

39. Plaintiffs would show that Defendant Sharmayne Ivory' actions were the result or, or within the scope of, wrongful and reckless customs, policies, practices and/or procedures for which Harris County Constable Precinct One and Harris County Constable Alan Rosen under the direction of Harris County Commissioners' Court knew or should have known but never provided the requisite and proper training.

40. The following conduct, policies and customs, *inter alia,* by Defendants violated C.H.' constitutional rights:

    a.    Harris County Commissioners' Court and Harris County Constable Precinct One' failure to adequately train and/or supervise its officers

    b.    Defendants' inadequate training on using deadly force.

    c.    Using deadly force against C.H. although she posed no immediate treat.

    d.    Defendants' policy on the proper procedure to effect an arrest

41. In addition, Defendant Harris County and Harris County Constable Precinct One, as applicable, failed and refused to implement customs, policies, practices, or procedures and failed to adequately train its officers on the proper use of deadly force. In so doing, Defendant Harris County knew that it was acting against the clear dictates of current law and knew that as a direct consequence of their deliberate decisions, the very situation that occurred with C.H., a Minor in all reasonable probability would happen.

42. Defendant Harris County' failure to properly train and screen its officers was the

proximate cause of the violations of C.H' constitutional rights.

## FAILURE TO ADEQUATELY SUPERVISE

### Count III- 42 U.S.C. § 1983

43. Plaintiff incorporates by reference paragraphs 1- 40 as if fully set forth herein.

44. On Plaintiffs governmental liability claim against Harris County for failing to supervise its officers and the resulting lack of supervision:

    a. Harris County failed to adequately supervise its officers in handling usual and recurring situations with which they encounter;

    b. Harris County was deliberately indifferent to the need to adequately supervise its officers;

    c. The failure to adequately supervise its officers proximately caused the deprivation of C.H.' constitutional right.

45. As a direct and proximate result of Harris County' failure to adequately supervise its officers, Plaintiffs have suffered damages.

## PUNITIVE/EXEMPLARY DAMAGES

46. Plaintiffs incorporate by reference paragraphs 1-43 as if fully set forth herein. Additionally and in the alternative, the conduct of Defendant Sharmayne Ivory was done with malice. As such, Plaintiffs request punitive and exemplary damages to deter this type of conduct in the future. In the alternative, such heedless and reckless disregard of C.H. constitutional rights, safety and welfare is more than momentary thoughtfulness, inadvertence or misjudgment. Such unconscionable conduct goes beyond ordinary negligence and as such, Plaintiffs request punitive damages be awarded against Defendant Sharmayne Ivory in a sum which is within the

jurisdictional limits of this court.

## DAMAGES (All Defendants)

47. Plaintiffs incorporate by reference paragraphs 1 – 44 as is fully set forth herein. Defendants acts and/or omissions were a proximate cause of the following injuries sustained by Plaintiffs:

a. Actual damages

b. Medical expenses, past and future

c. Pain and suffering/ mental anguish

d. Loss of quality of life.

e. Exemplary and punitive damages

f. Cost of court

g. Prejudgment interest

h. Post-judgment interest and

i. Pursuant to 42 U.S.C. § 1988 and other applicable laws, Plaintiff should be awarded reasonable attorney' fees for the preparation and trial of this cause of action, and for appeal, if required.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein, if necessary, and that upon final trial hereof Plaintiffs have and recover judgment from Defendants for actual damages, medical expenses, past and future, pain and suffering, loss of quality of life, exemplary damages, costs of court, pre and post judgment interest, attorneys' fees and such other and further relief, both general and special in law and in

equity, to which Plaintiffs are justly entitled.

Respectfully submitted,

By _____
CRAIG A. WASHINGTON
Texas Bar No. 20901000
1018 Preston Street
Houston, Texas 77002
(713) 223-5959  Tel
(713) 485-6220  Fax

HAROLD V. DUTTON, JR.
Texas Bar No. 06293050
3801 Kirby Drive, Suite 411
Houston, Texas 77098
(713) 659-5998  Tel
(713) 485-6220  Fax

OLIVER W. SPROTT
Texas Bar No.18971700
3801 Kirby Drive, Suite 411
Houston, Texas 77098
(713) 659-5998  Tel
(713) 485-6220  Fax

## CERTIFICATE OF SERVICE

I certify that on this the 29th day June, 2022, a true and correct copy of the foregoing transmittal was forwarded via CMRRR as follows:

Jennifer F. Callan
Office of the Harris County Attorney
1019 Congress, 15th Floor
Houston,, Texas 77002

_____
HAROLD V. DUTTON, JR

13