| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

United States District Court
Southern District of Texas
**ENTERED**
August 24, 2022
Nathan Ochsner, Clerk

Darrin Hannibal, *et al.*, §
§
        Plaintiffs, §
§
*versus* § Civil Action H-22-1330
§
Harris County Constable §
Precinct One, *et al.*, §
§
        Defendants. §

## Opinion on Dismissal

1. *Background.*

On December 26, 2021, Charisma Hannibal borrowed her friend's car to see a relative. She says that she attempted to cross on Interstate 610 North from Highway 290 but accidently entered 610 South. She tried to navigate back to the intersection and entered the parking lot of NRG Stadium.

In the parking lot, Sharmayne Ivory drove a patrol car. Hannibal says she exited the car to ask for directions. Hannibal says that Ivory was pointing a pistol at her when she exited, and, Ivory shot her five times.

On June 29, 2022, Hannibal's parents sued Harris County, Harris County Constable's Precinct One, and Sharmayne Ivory for: (a) excessive force under section 1983; (b) failure to train and supervise under section 1983; and ratification.

Harris County moved for dismissal. Sharmayne Ivory has not answered the complaint.

2. *Subject Matter Jurisdiction.*

When a minor reaches 18 years old, the representative's authority no longer has standing to bring claims on the minor's behalf.[1]

---

[1] *Stephenson v. McClelland*, 632 F. App'x 177, 181 (5th Cir. 2015).

Darrin Hannibal and Lasherra Tyner, Charismas's parents, brought their claims individually, and on behalf of their daughter, Charisma Hannibal. On May 10, 2022, Hannibal turned 18 years old. Because she has reached the majority age, the Court lacks jurisdiction to consider the parents' claims for her.

The case will proceed with Charisma Hannibal as the sole plaintiff. Darrin Hannibal and Lasherra Tyner will be dismissed.

3. *Harris County Constable's Precinct 1.*

Harris County Constable's Precinct 1 is not a jurisdictional entity that can be sued as a matter of law. It will be dismissed.

4. *Municipal Liability.*

To state a municipal liability claim, Hannibal must have adequately pleaded facts that the County had: (a) an official policy or custom; (b) by a policymaker; and (c) that was the moving force behind her constitutional violation.[2] The custom must be a persistent, widespread practice.

A. *Custom, Policymaker, and Practice.*

First, the County argues that Hannibal has failed to plead a policymaker. The policymaker, according to Hannibal, is Harris County because it has delegated its authority to the Precinct, who manages training for officers. A municipality can be liable if a policymaker fully delegates its discretionary authority to a subordinate, and the subordinate uses that discretion.[3]

Although Hannibal pleaded that the subordinate is the Precinct, the Sheriff is the final policy maker for a County in law enforcement.[4] Hannibal had

---

[2] *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 691 (1978).

[3] *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir. 1984).

[4] *Harris Cty. v. Coats*, 2020 WL 581184, at *6 (Tex. App.— Houston [14th Dist.] Feb. 6, 2020).

an opportunity to re-plead and did not correct this error. Viewing the facts more favorable to Hannibal, at this stage, the Court will nevertheless assume that the Sheriff's office is the policymaker.

The County also argues that Hannibal does not identify an "official policy or custom." Hannibal claims the custom is "excessive force." She says it is a widespread practice based on complaints in the Southern District of Texas.

Complaints are insufficient to plead that a practice exists. The legal system permits anyone to file a complaint, but if filed, it must be substantiated to state a claim. Hannibal does not plead whether any of these cases found that an officer acted with excessive force nor how the circumstances are similar. It merely says that other people have complained that officers in the County exhibit excessive force. The 10 complaints that Hannibal cited do not supply facts that establish a pattern with requisite similarity and specificity.[5]

No magic number supports a particular pattern but incidents must be similar. The Fifth Circuit has found that even 27 complaints of excessive force in three years was insufficient to prove a pattern because they lacked similarity.[6] The pleaded practice is too tenuous.

Because Hannibal has not pleaded that excessive force is a widespread practice, her excessive force claim is dismissed as to the county.

B.   *Failure to Train and Supervise.*

To state a claim for failure to train, Hannibal must have adequately pleaded facts of: (a) inadequate training procedures; (b) causation; and (c) deliberate indifference of the County to the consequences of their training

---

[5] *Estate of Davis ex rel. McCully v. City of North Richland Hills,* 406 F.3d 375, 383 (5th Cir. 2005).

[6] *Peterson v. City of Fort Worth, Tex.,* 588 F.3d 838, 851 (5th Cir. 2009).

procedures.[7] "Deliberate indifference" exists where "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need."[8]

Hannibal says that the Precinct failed to train its deputies (and sanctioned an excessive force custom) which caused her injuries. She insists that the County knew the deputies were poorly trained based on inadequate training complaints.

Hannibal claims that a pattern exists with "other Constables who have been accused in federal court over allegations of excessive force and training." She cited four complaints for failure to train to show a pattern. She also named several other Constables who have been accused of inadequate training or excessive force.

The County says that Hannibal does not plead any facts that the Precinct was deliberately indifferent in creating a custom for its officers making arrests. It argues that she does not plead the specific deficiencies in the training of officers that led to her injury.

Hannibal pleaded that the Sheriff's office knew that Ivory was "erratic." She pleaded that Ivory had "on the job problems" before the incident. This may have been sufficient to put the Sheriff's office on notice, but Hannibal has failed to show a widespread practice to hold the County liable.

She has pleaded the poor training and supervision of one officer. She does not, however, plead deliberate indifference by the County for a specific training practice that would constitute a custom of all other officers.

Her failure to train or supervise claim will be dismissed.

---

[7] *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002).

[8] *City of Canton, Ohio v. Harris*, 489 U.S. 378, 390 (1989).

5. *Conclusion.*

Charisma Hannibal has not established a custom with an asserted pattern of practice necessary to hold Harris County liable. Because her amended complaint did not cure the deficiencies of pleading, her section 1983 claims against Harris County and Precinct One are dismissed with prejudice. (18)

Signed on August 23, 2022, at Houston, Texas.

Lynn N. Hughes
United States District Judge