IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

OCT 17 2024

Nathan Ochsner, Clerk of Court

| | |
|---|---|
| CHARISMA HANNIBAL § | |
|     Plaintiff § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:22-CV-01330 |
| § | |
| SHARMAYNE IVORY § | (JURY REQUESTED) |
|     Defendant § | |

## PLAINTIFF CHARISMA HANNIBAL'S MEMORANDUM OF LAW

This gravamen of this case is whether qualified immunity is available to an officer who fires her weapon 15 times at an individual, striking the individual 5 times when that individual is unarmed and allegedly in a vehicle evading that officer.

The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known. *Hernandez v. Mesa,* 137 S. Ct. 2003, 2007 (2017). The dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that her conduct was unlawful in the situation she confronted. *Id.* If the law was clearly established, the immunity defense ordinarily should fail, since a reasonably competent public official should know the law governing her conduct. *Harlow v. Fitzgerald,* 457 U.S. 800, 818-19 (1982). Clearly established means that prior decisions gave reasonable warning that the officer's conduct then at issue violated constitutional rights. *Anderson v. Creighton,* 483 U.S. 635, 640 (1987). However, a plaintiff generally need not find a case directly on point but existing precedent must have placed the state of the constitutional question beyond debate. *Ashcroft v. al-Kidd,* 563 U.S.731, 741 (2011). Additionally, the Fifth Circuit does not require plaintiffs to identify a case directly on point, but the case law must place the constitutional question beyond

1

debate. *Garcia v. Blevins,* 957 F.3d 596, 600 (5th Cir. 2020).

The Fifth Circuit has held that it was clearly established that an officer could not use a taser against a fleeing and unarmed non-suspect. *Pena v. City of Rio Grande,* 879 F.3d 613, 616 (5th Cir. 2018). This case presents a close analogue to the instant case.

For example, there is little disagreement that Plaintiff Hannibal was unarmed while fleeing in her vehicle from Defendant Ivory. Perhaps the only substantive disagreement between the parties, in the instant case, is whether Plaintiff Hannibal was a suspect. However, for that to be so, it is persuasive that during the entire interaction between the parties, Defendant Ivory never detained Plaintiff Hannibal and nor did Defendant Ivory ever place Plaintiff Hannibal under arrest. Defendant Ivory' behavior simply does not support the conclusion that Plaintiff Hannibal was ever deemed a suspect by anyone including Defendant Ivory.

Finally, when an officer uses deadly force, as in the instant case, that force is considered excessive and unreasonable, unless the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others. *Romero v. City of Grapevine,* 888 F.3d 170, 176 (5th Cir.2018). Defendant Ivory contends that Plaintiff Hannibal drove her vehicle, at one time, in the direction of either Defendant Ivory or another individual. Plaintiff Hannibal disputes this contention by Defendant Ivory. However, even if true, Plaintiff Hannibal asserts that some of the 15 shots by Defendant Ivory occurred when Plaintiff Hannibal clearly represented no threat to anyone.

The Fifth Circuit, in *Lytle v. Bexar Cnty,* held an excessive force that is reasonable at one moment can become unreasonable in the next if the justification for the use of force has ceased. 560 F.3d 404, 413 (2009). In the instant case, 8 shots fired from Defendant Ivory's weapon that hit the driver's side of the vehicle being driven by Plaintiff Hannibal occurred while Plaintiff

2

Hannibal' vehicle was passing in front of Defendant Ivory. At that time, Plaintiff Hannibal's vehicle was no actual or potential threat to Defendant Ivory or anyone else and justification for firing her weapon at Plaintiff Hannibal, if any, had ceased and no longer existed.

    Respectfully submitted,

/s/HAROLD V. DUTTON, JR.
HAROLD V. DUTTON, JR.
SBOT No. 06293050
3801 Kirby Drive, Suite 411
Houston, Texas 77098
(713), 659-5998  Tel.
theduttonlawfirm@yahoo.com  Email

CRAIG A. WASHINGTON
P.O. Box 306
Bastrop, Texas 78602-0306

OLIVER W. SPROTT
3801 Kirby Drive, Suite 411
Houston, Texas 77098

ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF WORD COUNT

I hereby certify that this Motion contains 753 words.

/s/HAROLD V. DUTTON, JR.
HAROLD V. DUTTON, JR.

CERTIFICATE OF SERVICE

    I hereby certify that on July ___, 2024, I filed the above Motion with the Clerk of the Court. As I understand, the CM/ECF system will electronically send notification to all attorneys of record.

/s/HAROLD V. DUTTON, JR.
HAROLD V. DUTTON, JR.